## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sean Spicer, *et al.* | |
| *Plaintiffs,* | |
| *v.* | Civil Action No. 1:21-cv-2493 |
| Joseph R. Biden, Jr., *et al.,* | |
| *Defendants.* | |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
## FOR FAILURE TO STATE A CLAIM

Defendants move to dismiss the complaint (ECF No. 1) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  For the reasons below, Defendants' motion should be granted and the case should be dismissed.  A proposed order is attached.

Dated: January 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

CHRISTOPHER R. HALL
*Assistant Branch Director*

*/s/ Christopher D. Dodge*
CHRISTOPHER D. DODGE
(MA Bar No. 696172)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 598-5571
Email: christopher.d.dodge@usdoj.gov

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Sean Spicer, *et al.*

                 *Plaintiffs*,

*v.*

Joseph R. Biden, Jr., *et al.*,

                 *Defendants.*

Civil Action No. 1:21-cv-2493

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

BACKGROUND .................................................................................................................2

I.    The Board of Visitors to the Naval Academy .........................................................2

II.   The Appointment and Removal of Plaintiffs Spicer and Vought From the Board ..................3

LEGAL STANDARD .........................................................................................................4

ARGUMENT ......................................................................................................................4

I.    Plaintiffs Do Not Plausibly Allege That The President Lacked Authority To Remove
      Them From The Board of Visitors ...........................................................................4

CONCLUSION ...................................................................................................................8

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ....................................................................................................................4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ....................................................................................................................4

*Carlucci v. Doe,*
    488 U.S. 93 (1988) .................................................................................................................5, 6

*Collins v. Yellen,*
    141 S. Ct. 1761 (2021) ........................................................................................................5, 6, 7

*Free Enterprise Fund v. PCAOB,*
    561 U.S. 477 (2010) ....................................................................................................................6

*Keim v. United States,*
    177 U.S. 290 (1900) .................................................................................................................5, 6

*Larson v. Domestic & Foreign Com. Corp.,*
    337 U.S. 682 (1949) ....................................................................................................................7

*Myers v. United States,*
    272 U.S. 52 (1926) .....................................................................................................................6

*Parsons v. United States,*
    167 U.S. 324 (1897) .................................................................................................................5, 6

*Piersky v. Ridge,*
    98 F.3d 730 (3d Cir. 1996) ........................................................................................................6

*Seila Law LLC v. CFPB,*
    140 S. Ct. 2183 (2020) ............................................................................................................6, 7

*Shurtleff v. United States,*
    189 U.S. 311 (1903) ....................................................................................................................5

*Weissman v. Nat'l R.R. Passenger Corp.,*
    ---F.4th---, 2021 WL 6122753 (D.C. Cir. Dec. 28, 2021) ........................................................1

*Wiener v. United States,*
    357 U.S. 349 (1958) ....................................................................................................................7

**STATUTES**

5 U.S.C. § 706(2) ............................................................................................................................7

10 U.S.C. § 8468 ........................................................................................................... 2, 3, 5

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 4

**REGULATIONS**

Meeting of the U.S. Naval Academy Board of Visitors,
   86 Fed. Reg. 52,892 (Sept. 23, 2021) ............................................................................... 4

**OTHER AUTHORITIES**

United States Naval Academy, *Office of the Superintendent – Board of Visitors* (updated Dec. 2, 2021),
   https://www.usna.edu/PAO/Superintendent/bov.php .................................................... 3-4

**INTRODUCTION**

Plaintiffs Sean Spicer and Russell Vought filed this suit on September 23, 2021, alleging that the President unlawfully removed them from the Board of Visitors of the United States Naval Academy before the expiration of their statutory three-year terms. Their complaint asks this Court to compel the President and other federal officials to reinstate them as members of the Board or to otherwise treat them as *de facto* members. Nearly six weeks after filing suit, Plaintiffs filed a motion seeking preliminary injunctive relief on that claim. The Court denied that motion on December 4, 2021, finding that Plaintiffs were "unlikely to succeed on the challenge to their removals." Mem. Op. & Order at 6, ECF No. 9. Specifically, "because no statute insulates Board members from removal, the President had the power to remove the plaintiffs in this case." *Id.* at 7. That alone was a sufficient reason to deny the motion in the Court's view, but it went on to explain that "even if the merits of this case were closer," Plaintiffs had further failed to show that any of the remaining preliminary injunction factors favored granting relief. *Id.* at 11. Spicer's original term of service expired shortly after the Court's preliminary injunction decision, further diminishing any possible claim to reinstatement on his part and likely depriving the Court of jurisdiction over his claim.[1]

Having already rejected Plaintiffs' merits arguments once, the Court should now dismiss the complaint in full under Rule 12(b)(6) for the same reasons in its carefully reasoned December 4, 2021 opinion, and for the similar reasons in Defendants' previous brief. *See generally* Mem. Op. & Order at

---

[1] Defendants' opposition to the preliminary injunction motion also argued that the Court lacked subject-matter jurisdiction over the complaint because Plaintiffs failed to adequately allege that their purported injuries could be redressed by the Court. *See* Defs.' Opp'n to Pls.' Mot. for a Prelim. Inj. at 33-44, ECF No. 6 ("Defs.' PI Opp'n"). The Court agreed that it likely lacked jurisdiction as to the President and his aides but concluded that it could grant effective relief by ordering several officials "to treat the plaintiffs as full members of the Board." Mem. Op. & Order at 5. Defendants do not re-raise their jurisdictional argument here because the Court's conclusion on the merits suffices to dismiss this case in full. Nonetheless, because that argument concerns the Article III jurisdiction of courts to hear Plaintiffs' case, Defendants reserve the right to reassert that argument if necessary in any future proceedings, including as to whether jurisdiction exists to grant Spicer injunctive or declaratory relief after the expiration of his term. *E.g., Weissman v. Nat'l R.R. Passenger Corp.*, ---F.4th----, 2021 WL 6122753, at *2 (D.C. Cir. Dec. 28, 2021) ("A party seeking prospective declaratory and injunctive relief must establish an ongoing or future injury that is certainly impending and may not rest on past injury." (cleaned up)).

1

6-11;Defs.' PI Opp'n at 9-33.  Simply put, "the Board's organic statute does not insulate Board members from the President's removal power."  Mem. Op. & Order at 10.  Plaintiffs' allegation that President Biden lacked authority to remove them has therefore has been squarely rejected by this Court and fails to state a plausible claim.

## BACKGROUND

I.   **The Board of Visitors to the Naval Academy**

Congress created a fifteen-member Board of Visitors to the Naval Academy ("Board") to "inquire into the state of morale and discipline, the curriculum, instruction, physical equipment, fiscal affairs, academic methods, and other matters" at the United States Naval Academy in Annapolis, Maryland.  10 U.S.C. § 8468(e).  To fulfill this mandate, the Board is required to visit the Naval Academy annually, though it may make additional visits to the Academy with the approval of the Secretary of the Navy.  *Id.* § 8468(d).  The Board reports its findings to the President, providing "a written report . . . of [the Board's] action[s] and of its views and recommendations pertaining to the Academy" within 60 days of its visit.  *Id.* § 8468(f).

The Board is comprised of nine members drawn from Congress and an additional six chosen by the President.  *See generally* 10 U.S.C. § 8468(a).  The nine Congressional members include: (1) the chairman of the Senate Armed Services Committee; (2) three other members of the Senate designated by the Vice President or the President pro tempore of the Senate, two of whom must be members of the Appropriations Committee; (3) the chairman of the House Armed Services Committee; and (4) four other members of the House of Representatives designated by the Speaker of the House, two of whom must be members of the House Appropriations Committee.  *Id.* § 8468(a)(1)-(4).[2]

The remaining members of the Board are "six persons designated by the President."  10 U.S.C. § 8468(a)(5).  Section 8468 grants the President complete discretion in selecting these individuals—it does not condition their service on Senate confirmation, nor does it require that they hold certain Congressional offices, as must the other members of the Board.  *Id.* § 8468(a).  The six persons

---

[2] The Chairmen of the Senate and House Armed Services Committees may, alternatively, select a designee to take their place on the Board.  *See* 10 U.S.C. § 8468(a)(1), (3).

designated by the President serve default three-year terms. *Id.* § 8468(b). If a Presidentially-appointed member of the Board cannot complete the appointed term, "a successor shall be designated for the unexpired portion of the term by the official who designated the member." *Id.* § 8468(c). This staggering of Presidential-appointee terms means that the President is empowered to "designate two persons each year to succeed the members whose terms expire that year." *Id.* § 8468(b).

## II.     The Appointment and Removal of Plaintiffs Spicer and Vought From the Board

Plaintiffs in this action are Sean Spicer and Russell Vought, two former members of the Board. Compl. ¶¶ 8-9, ECF No. 1. Spicer was appointed to the Board in January 2019 by President Trump and his term of service was set to run through the end of 2021. *Id.* ¶ 3; *see* Declaration of Christopher D. Dodge, ECF No. 6-1 ("Dodge Decl."), Ex. B at 1-2 ("November 2020 Membership List"). His term therefore would have expired by its own accord as of the date this motion was filed. Vought was appointed to the Board in January 2021 by President Trump and accordingly his term was set to run through the end of 2023. Compl. ¶ 3; November 2020 Membership List at 1-2. Consistent with the Board's statute, neither Plaintiff's appointment to the Board required Senate confirmation.

On September 8, 2021, Spicer and Vought each received substantially similar emails from Katherine L. Petrelius, Special Assistant to the President in the White House Presidential Personnel Office. Compl. ¶ 28. The emails requested that Spicer and Vought each resign from the Board, explaining that refusal to resign would result in termination the same day. *Id.* Both emails also attached letters from Catherine M. Russell, the Director of the White House of Presidential Personnel Office, stating:

> On behalf of President Biden, I am writing to request your resignation as a Member of the Board of Visitors to the U.S. Naval Academy. Please submit your resignation to me by the close of business today. Should we not receive your resignation, your position with the Board will be terminated effective 6:00 pm tonight. Thank you.

Compl., Ex. 3, ECF No. 1-3; Compl., Ex. 4, ECF No. 1-4. Both Spicer and Vought refused to resign and accordingly their membership on the Board was terminated effective at 6:00 pm on September 8, 2021, per President Biden's order. *See, e.g.*, United States Naval Academy, *Office of the Superintendent –*

*Board of Visitors* (updated Dec. 2, 2021), https://www.usna.edu/PAO/Superintendent/bov.php (identifying current membership of the Board); Dodge Decl., Ex. C ("September 27, 2021 Minutes") (reflecting absence of Spicer and Vought from Board meeting).

Plaintiffs filed this suit on September 23, 2021.  *See* Compl.  Plaintiffs effected service of the complaint approximately two weeks after that, on October 6, 2021.  Dodge Decl. ¶ 2.  Between the time Plaintiffs filed suit and served the complaint, one of the Board's two remaining meetings scheduled for 2021 occurred at the Naval Academy.  *See* Compl. ¶ 23 (stating Board had scheduled meetings for September 27, 2021 and December 6, 2021); *see also* Meeting of the U.S. Naval Academy Board of Visitors, 86 Fed. Reg. 52,892 (Sept. 23, 2021) (meeting notice); September 27, 2021 Minutes.

On November 3, 2021—nearly two months after their removals—Plaintiffs filed a preliminary injunction motion.  Pls.' Appl. For Prelim. Inj., ECF No. 3.  The Court denied that motion on December 4, 2021.  Mem. Op. & Order.

## LEGAL STANDARD

Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  When considering such a motion, the Court must accept as true all well-pleaded facts and allegations in the complaint, but does not need to accept a plaintiff's legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679 (citing *Twombly*, 550 U.S. at 556).

## ARGUMENT

### I.     Plaintiffs Do Not Plausibly Allege That The President Lacked Authority To Remove Them From The Board of Visitors

Plaintiffs' claim boils down to the assertion that they were unlawfully removed from the Board because § 8468 "makes no provision or allowance for at-will presidential removal," Compl. ¶ 26, and that in the absence of such a grant of authority to the President, he "has no statutory authority to terminate" the service of those Board members he appoints to serve in view of their "staggered three-

year terms," *id.* ¶ 31.  But, as this Court already correctly determined, Plaintiffs' arguments are each wrong, and the complaint therefore fails to state a plausible legal claim.

*First*, it is immaterial that § 8468 does not expressly grant the President the power to remove those Board members he appoints.  "The Supreme Court has consistently held that 'the power of removal from office is incident to the power of appointment' 'absent a specific provision to the contrary.'"  Mem. Op. & Order at 6 (quoting *Carlucci v. Doe*, 488 U.S. 93, 95 (1988)); *see also id.* (citing *Collins v. Yellen*, 141 S. Ct. 1761, 1783 (2021); *Keim v. United States*, 177 U.S. 290, 293 (1900)).  "Here, no provision specifically insulates Board members from removal."  *Id.* (citing 10 U.S.C. § 8468).  The statute therefore does not reflect any desire by Congress to displace the President's default removal power over those he appoints the Board.  "Accordingly, because no statute insulates Board members from removal, the President had the power to remove the plaintiffs in this case."  *Id.* at 7; *see also Shurtleff v. United States*, 189 U.S. 311, 316 (1903) (explaining that the right of removal "does not exist by virtue of the grant, but . . . inheres in the right to appoint, unless limited by constitution or statute"); *Parsons v. United States*, 167 U.S. 324, 339 (1897) (explaining that such a grant of removal power is merely "a recognition of the construction . . . almost universally adhered to and acquiesced in as to the power of the president to remove"); Defs.' PI Opp'n at 9-11.

*Second*, it is equally immaterial that § 8468 provides for a default three-year term of service for Board members because, absent a specific provision insulating Board members from removal, such terms serve only as "a construction of limitation, and not of grant; a construction by which no more than a period of [specified] years is permissible, subject, in the meantime, to the power of the [P]resident to remove."  *Parsons*, 167 U.S. at 342.  Plaintiffs nonetheless argued in their preliminary injunction motion that "fixed term-of-office provisions" serve to "limit the appointing power's ability to remove the appointee" and that the three-year term in § 8468 therefore constitutes a "statutory limitation on the President's ability to remove Board members."  Pls.' Mem. in Supp. of Appl. for Prelim. Inj. at 9, ECF No. 3-1 ("Pls.' PI Mem.").  But the Court correctly rejected that argument as well, observing that the "Supreme Court squarely held in *Parsons* that term-of-office provisions do not independently limit the President's removal power."  Mem. Op. & Order at 7; *see also Parsons*, 167 U.S.

at 324.  And as the Court further explained, nearly a century of intervening Supreme Court case law has reinforced the rule set forth in *Parsons*.  *See id.* at 7-8 (discussing *Myers v. United States*, 272 U.S. 52 (1926); *Free Enterprise Fund v. PCAOB*, 561 U.S. 477, 501 (2010); *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020); *Collins*, 141 S. Ct. at 1771).  Plaintiffs' service on the Board was therefore at all times subject to the "long-standing rule in the federal courts that a fixed term merely provides a time for the term to end" and do "not [serve] as a prohibition on the [appointing power's] removal authority." *Piersky v. Ridge*, 98 F.3d 730, 734 (3d Cir. 1996) (citing *Parsons*, 167 U.S. at 324); *see also* Defs.' PI Opp'n at 12-18.

Plaintiffs are likely to point again to various cases that they contend show that term-of-office provisions insulate officeholders from removal for the duration of the term.  *See, e.g.*, Pls.' PI Mem. at 12-18.  But those cases are not helpful to Plaintiffs for the reasons already noted by the Court and in Defendants' opposition.  *See* Mem. Op. & Order at 9-10 (noting that "each of the plaintiffs' authorities is distinguishable"); Defs.' PI Opp'n at 18-24 (distinguishing Plaintiffs' cases).  Instead, as the Court noted, "the plaintiffs have not identified any case in which a term-of-office provision alone sufficed to limit the President's removal power."  Mem. Op. & Order at 9.

*Finally*, Plaintiffs allege in the complaint that "President Biden ha[d] no constitutional authority under Article II to terminate" Plaintiffs from the Board "because it is a purely advisory nonpartisan entity that does not wield *any* executive power."  Compl. ¶ 32.  That claim is, again, beside the point because the President did not need to rely upon his Article II authority—his statutory authority as an appointing power under § 8468 carried with it a corresponding removal power, absent express language to the contrary from Congress that is nowhere to be found in § 8468, as the Court observed. *See, e.g.*, *Carlucci*, 488 U.S. at 95 (explaining that "as a matter of statutory interpretation" the power to remove is incident to the power to appoint, absent a specific provision to the contrary); *Myers*, 272 U.S. at 241 (explaining that as a matter of "statutory construction" the "President, acting alone, has the power of removal" when statute merely supplies a term of office); *see also Keim*, 177 U.S. at 295 (concluding Secretary of Interior retained removal power over clerk he appointed where no statute limited his removal authority).  Equally irrelevant then is Plaintiffs' claim that the Board "does not

wield *any* executive power." Compl. ¶ 32. Even accepting that legal claim as true, it means at most that Congress *could* have limited the President's removal power in § 8468. For example, in some circumstances Congress may "give for-cause removal protections to a multimember body of experts." *Seila Law LLC*, 140 S. Ct. at 2199. But Congress plainly supplied no *for-cause* removal restrictions here—never mind the far broader restrictions sought by Plaintiffs that would preclude removal of Board members for *any reason* during their terms. Plaintiffs offer no reason to infer such an unprecedented limitation on the President's removal authority in this case, which concerns non-Senate confirmed Presidential appointees who advise the Commander-in-Chief on military matters. *Cf. Collins*, 141 S. Ct. at 1783 n.18 (explaining that *Wiener v. United States*, 357 U.S. 349 (1958), the sole case in which the Supreme Court has inferred removal limitations, relied "on the rationale" that the agency at issue "was an adjudicatory body"); *see also* Mem. Op. & Order at 10 (concluding that "nothing in the Board's organic statute warrants treating it as a special case"); Defs.' PI Opp'n at 24-31 (explaining why historical practice and statutory context weigh against inferring removal restrictions).[3] Because Congress made no effort to limit the President's removal power in § 8468, Plaintiffs' constitutional claim is academic.

In sum, Plaintiffs' sole claim in their complaint—that President Biden lacked authority to terminate Plaintiffs' service and that their removals were therefore unlawful (Compl. ¶¶ 31-33)—fails to plausibly allege any unlawful action by the President or any other agency action contrary to law. *See, e.g.*, *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689 (1949) (claim seeking specific relief against officer requires plausible allegation that "[h]is actions are ultra vires his authority and therefore may be made the object of specific relief"); 5 U.S.C. § 706(2) (claim seeking to set aside agency action must plausibly allege, *inter alia*, action "not in accordance with law" or "contrary to constitutional right"). The Court should therefore dismiss the complaint for failure to state a claim.

---

[3] As Defendants explained in their earlier brief, reading the term-of-office provision in § 8468 as a removal limitation, or inferring such removal restrictions in the statute, would raise weighty constitutional questions concerning the scope of Congress's authority to qualify the President's removal authority. *See* Defs.' PI Opp'n at 31-33. Those same considerations continue to counsel in favor of rejecting Plaintiffs' strained efforts to read removal limitations into § 8468.

## **CONCLUSION**

For the reasons above, the Court should dismiss the Complaint under Rule 12(b)(6).

Dated January 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

CHRISTOPHER R. HALL
*Assistant Branch Director*

*/s/ Christopher D. Dodge*
CHRISTOPHER D. DODGE
(MA Bar No. 696172)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 598-5571
Email: christopher.d.dodge@usdoj.gov

*Counsel for Defendants*