# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:21−cv−02493−DLF

SPICER et al v. BIDEN et al  
Assigned to: Judge Dabney L. Friedrich  
Cause: 05:704 Labor Litigation

Date Filed: 09/23/2021  
Date Terminated: 07/11/2022  
Jury Demand: None  
Nature of Suit: 890 Other Statutory Actions  
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**SEAN M. SPICER**     represented by     **Reed Darrow Rubinstein**  
AMERICA FIRST LEGAL FOUNDATION  
300 Independence Avenue SE  
Washington, DC 20003  
202−288−0277  
Email: reed.rubinstein@aflegal.org  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Christopher Ernest Mills**  
SPERO LAW LLC  
557 East Bay Street  
#22251  
Charleston, SC 29413  
843−606−0640  
Email: cmills@spero.law  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RUSSELL T. VOUGHT**     represented by     **Reed Darrow Rubinstein**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Christopher Ernest Mills**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JOSEPH R. BIDEN, JR.**  
*in his official capacity as President of the United States*
    represented by     **Christopher D. Dodge**  
U.S. DEPARTMENT OF JUSTICE  
1100 L Street NW  
Washington, DC 20005

202–598–5571
Email: cdodge@elias.law
*TERMINATED: 03/16/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202–532–3114
Email: jeremy.s.newman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CATHERINE M. RUSSELL**
*in her official capacity as director of the White House Presidential Personnel Office*

represented by **Christopher D. Dodge**
(See above for address)
*TERMINATED: 03/16/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KATHERINE L. PETRELIUS**
*in her official capacity as Special Assistant to the President in the White House Presidential Personnel Office*

represented by **Christopher D. Dodge**
(See above for address)
*TERMINATED: 03/16/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES A. RUPPERSBERGER, III**
*in his official capacity as Chairman of the United States Naval Academy Board of Visitors*
*also known as*
DUTCH

represented by **Christopher D. Dodge**
(See above for address)
*TERMINATED: 03/16/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**RAPHAEL J. THALAKOTTUR**
*in his official capacity as Designated Federal Officer of the United States Naval Academy Board of Visitors*

represented by **Christopher D. Dodge**
(See above for address)
*TERMINATED: 03/16/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES OF AMERICA**

represented by **Christopher D. Dodge**
(See above for address)
*TERMINATED: 03/16/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/23/2021 | 1 | | COMPLAINT against All Defendants ( Filing fee $ 402 receipt number ADCDC–8754229) filed by RUSSELL T. VOUGHT, SEAN M. SPICER. (Attachments: # 1 Exhibit 1: Charter, # 2 Exhibit 2: Membership Balance Plan, # 3 Exhibit 3: Russell Letter to Spicer, # 4 Exhibit 4: Russell Letter to Vought, # 5 Civil Cover Sheet, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons)(Mills, Christopher) (Entered: 09/23/2021) |
| 09/24/2021 | | | Case Assigned to Judge Dabney L. Friedrich. (znmg) (Entered: 09/24/2021) |
| 09/24/2021 | 2 | | SUMMONS (6) Issued Electronically as to All Defendants. (Attachment: # 1 Notice and Consent)(znmg) (Entered: 09/24/2021) |
| 11/03/2021 | 3 | | MOTION for Preliminary Injunction by SEAN M. SPICER, RUSSELL T. VOUGHT. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Declaration of Sean Spicer, # 4 Declaration of Russell Vought)(Mills, Christopher) (Entered: 11/03/2021) |
| 11/05/2021 | 4 | | STANDARD ORDER for Civil Cases. See text for details. Signed by Judge Dabney L. Friedrich on November 5, 2021. (lcdlf1) (Entered: 11/05/2021) |
| 11/12/2021 | 5 | | NOTICE of Appearance by Christopher D. Dodge on behalf of All Defendants (Dodge, Christopher) (Entered: 11/12/2021) |
| 11/15/2021 | | | MINUTE ORDER. Upon review of the plaintiffs' 3 Motion for a Preliminary Injunction, including the plaintiffs' request for a hearing pursuant to Local Rule 65.1(d), the Court adopts the following briefing schedule: the government shall |

| | | | |
|---|---|---|---|
| | | | respond to the plaintiffs' 3 Motion for Preliminary Injunction on or before November 24, 2021, and the plaintiffs shall file any reply on or before December 1, 2021. Because the plaintiffs represent that they will not suffer irreparable harm until December 6, 2021, and because this schedule allows the Court to hold a hearing before that date, if necessary, the Court finds the above this briefing schedule "will not prejudice the parties." LCvR 65.1(d). So Ordered by Judge Dabney L. Friedrich on November 15, 2021. (lcdlf1) (Entered: 11/15/2021) |
| 11/24/2021 | 6 | | Memorandum in opposition to re 3 MOTION for Preliminary Injunction filed by JOSEPH R. BIDEN, JR, KATHERINE L. PETRELIUS, CHARLES A. RUPPERSBERGER, III, CATHERINE M. RUSSELL, RAPHAEL J. THALAKOTTUR, UNITED STATES OF AMERICA. (Attachments: # 1 Declaration of Christopher D. Dodge, # 2 Exhibit A – Bylaws, # 3 Exhibit B – November 2020 Membership List, # 4 Exhibit C – September 27, 2021 Minutes, # 5 Exhibit D – Webster's Third New International Dictionary)(Dodge, Christopher) Modified docket event/text on 11/29/2021 (eg). (Entered: 11/24/2021) |
| 11/30/2021 | 7 | | REPLY to opposition to motion re 3 MOTION for Preliminary Injunction filed by SEAN M. SPICER, RUSSELL T. VOUGHT. (Attachments: # 1 Declaration Mills Declaration)(Mills, Christopher) (Entered: 11/30/2021) |
| 12/02/2021 | 8 | | Consent MOTION to Hold in Abeyance *Defendants' Deadline to Respond to the Complaint* by JOSEPH R. BIDEN, JR, KATHERINE L. PETRELIUS, CHARLES A. RUPPERSBERGER, III, CATHERINE M. RUSSELL, RAPHAEL J. THALAKOTTUR, UNITED STATES OF AMERICA. (Attachments: # 1 Proposed Order)(Dodge, Christopher) (Entered: 12/02/2021) |
| 12/04/2021 | 9 | | MEMORANDUM OPINION AND ORDER denying the plaintiffs' 3 Motion for a Preliminary Injunction. See text for details. Signed by Judge Dabney L. Friedrich on December 4, 2021. (lcdlf1) (Entered: 12/04/2021) |
| 12/04/2021 | | | Set/Reset Deadlines: Proposed Schedule due by 12/17/2021. (zjch, ) (Entered: 12/06/2021) |
| 12/14/2021 | 10 | | Affidavit of Mailing by SEAN M. SPICER, RUSSELL T. VOUGHT re 1 Complaint, 2 Summons Issued Electronically . (Mills, Christopher) Modified docket event/text on 12/20/2021 (zeg). (Entered: 12/14/2021) |
| 12/17/2021 | 11 | | PROPOSED BRIEFING SCHEDULE *for Defendants' Rule 12(b) motion* by JOSEPH R. BIDEN, JR, KATHERINE L. PETRELIUS, CHARLES A. RUPPERSBERGER, III, CATHERINE M. RUSSELL, RAPHAEL J. THALAKOTTUR, UNITED STATES OF AMERICA. (Dodge, Christopher) (Entered: 12/17/2021) |
| 12/20/2021 | | | MINUTE ORDER. Upon consideration of the parties' 11 Proposed Briefing Schedule, the Court adopts the following briefing schedule: the defendants shall file any dispositive motion on or before January 10, 2022; the plaintiffs shall file any response to that motion on January 24, 2022; and the defendants shall file any reply on or before February 7, 2022. So Ordered by Judge Dabney L. Friedrich on December 20, 2021. (lcdlf1) (Entered: 12/20/2021) |
| 01/10/2022 | 12 | | MOTION to Dismiss by JOSEPH R. BIDEN, JR, KATHERINE L. PETRELIUS, CHARLES A. RUPPERSBERGER, III, CATHERINE M. |

| | | | |
|---|---|---|---|
| | | | RUSSELL, RAPHAEL J. THALAKOTTUR, UNITED STATES OF AMERICA. (Attachments: # 1 Proposed Order)(Dodge, Christopher) (Entered: 01/10/2022) |
| 01/24/2022 | 13 | | Memorandum in opposition to re 12 MOTION to Dismiss filed by SEAN M. SPICER, RUSSELL T. VOUGHT. (Attachments: # 1 Text of Proposed Order)(Mills, Christopher) (Entered: 01/24/2022) |
| 02/07/2022 | 14 | | REPLY to opposition to motion re 12 MOTION to Dismiss filed by JOSEPH R. BIDEN, JR, KATHERINE L. PETRELIUS, CHARLES A. RUPPERSBERGER, III, CATHERINE M. RUSSELL, RAPHAEL J. THALAKOTTUR, UNITED STATES OF AMERICA. (Dodge, Christopher) Modified on 2/8/2022 to add docket link (zeg). (Entered: 02/07/2022) |
| 03/15/2022 | 15 | | NOTICE of Appearance by Jeremy Samuel Bloch Newman on behalf of All Defendants (Newman, Jeremy) (Entered: 03/15/2022) |
| 03/16/2022 | 16 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to JOSEPH R. BIDEN, JR, KATHERINE L. PETRELIUS, CHARLES A. RUPPERSBERGER, III, CATHERINE M. RUSSELL, RAPHAEL J. THALAKOTTUR, UNITED STATES OF AMERICA. Attorney Christopher D. Dodge terminated. (Dodge, Christopher) (Entered: 03/16/2022) |
| 07/11/2022 | 17 | | ORDER granting the defendants' 12 Motion to Dismiss. See text for details. The Clerk of Court is directed to close this case. Signed by Judge Dabney L. Friedrich on July 11, 2022. (lcdlf1) (Entered: 07/11/2022) |
| 08/10/2022 | 18 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 17 Order on Motion to Dismiss by SEAN M. SPICER, RUSSELL T. VOUGHT. Filing fee $ 505, receipt number ADCDC–9431790. Fee Status: Fee Paid. Parties have been notified. (Mills, Christopher) (Entered: 08/10/2022) |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sean M. Spicer and Russell T. Vought,<br><br>*Plaintiffs*,<br><br>v.<br><br>Joseph R. Biden Jr., Catherine M. Russell, Katherine L. Petrelius, Charles A. "Dutch" Ruppersberger III, Raphael J. Thalakottur, and United States of America,<br><br>*Defendants*. | Civil Action No. 1:21-cv-2493-DLF<br><br>**NOTICE OF APPEAL** |

Notice is hereby given that Plaintiffs in the above-named case appeal to the United States Court of Appeals for the D.C. Circuit from the Memorandum Opinion and Order dismissing the Complaint entered in this action on the 11th day of July, 2022 (ECF No. 17).

Respectfully submitted,

*/s Christopher Mills*

| | |
|---|---|
| REED D. RUBINSTEIN<br>D.C. Bar No. 400153<br>America First Legal Foundation<br>300 Independence Avenue SE<br>Washington, DC 20003<br>(202) 964-3721<br>reed.rubinstein@aflegal.org | CHRISTOPHER E. MILLS<br>D.C. Bar No. 1021558<br>Spero Law LLC<br>557 East Bay St. #22251<br>Charleston, SC 29413<br>(843) 606-0640<br>cmills@spero.law |

August 10, 2022

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEAN M. SPICER *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., <br> President of the United States, *et al.*, <br><br> *Defendants*. | No. 21-cv-2493 (DLF) |

**MEMORANDUM OPINION AND ORDER**

On September 8, 2021, President Joseph Biden removed the plaintiffs Sean Spicer and Russell Vought from the Board of Visitors to the United States Naval Academy. *See* Compl. ¶¶ 28–30, Dkt. 1. In this action, the plaintiffs challenge their removals and seek an injunction requiring the President and other federal officials to treat them "as present Board members." Mem. Op. & Order of Dec. 4, 2021 at 1, Dkt. 9. This Court denied the plaintiffs' motion for a preliminary injunction because "no statute insulate[d] [them] from removal." *Id*. at 10. The defendants now move to dismiss the plaintiffs' complaint on substantially the same ground. *See* Dkt. 12. For the reasons below, the Court will grant the motion.

Congress created the Board of Visitors to advise the President on the "state of morale and discipline" at the Naval Academy, as well as its "curriculum, instruction, physical equipment, fiscal affairs, [and] academic methods." 10 U.S.C. § 8468(e). To that end, Congress directed the Board to "visit the Academy annually" and prepare a "written report" for the President on both the above matters and "other matters relating to the academy that [it] decides to consider." *Id.* § 8468(d)–(f). Congress also specified the Board's membership. Along with several Senators and Representatives, *see id.* § 8468(a)(1)–(4), the Board includes "six persons designated by the

President," *id.* § 8468(a)(5). Those persons "serve for three years each" in staggered terms "except that any member whose term of office has expired shall continue to serve until his successor is appointed." *Id.* § 8468(b).

On September 8, 2021, the President removed the plaintiffs from their positions on the Board. *See* Mem. Op. at 2. The plaintiffs then brought a civil action against the President, the Chairman of the Board, its Designated Federal Officer (DFO), and two other government officials. *See id*. (identifying the particular officials). They also moved for a preliminary injunction that would have required "some or all [of the] defendants to treat [them] as present Board members." Pls.' Mot. For a Prelim. Injunction at 8, Dkt. 3-1. This Court denied that motion on December 4, 2021, *see* Mem. Op. at 11, and the defendants subsequently moved to dismiss the plaintiffs' complaint, *see* Dkt. 12.

This Court previously held that the plaintiffs had established a "substantial likelihood" of standing to seek injunctive relief. *See* Mem. Op. at 6 (quoting *EPIC v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 377 (D.C. Cir. 2017)). First, the Court held that removal from federal office is an injury in fact. *See id.* at 4 (citing *Swan v. Clinton*, 100 F.3d 973, 976 (D.C. Cir. 1996)). Second, it held that the plaintiffs' removal from the Board was traceable to the defendants. *See id.* And third, it read *Swan* to hold that the plaintiffs' injuries were redressable through an order requiring the Board's Chairman and DFO to treat them "as full members of the Board." *Id.* at 4–5. The same reasoning explains why the plaintiffs' allegations on standing are sufficient to survive a motion to dismiss.[1] *See EPIC*, 878 F.3d at 377

---

[1] Because Vought's original term on the Board was scheduled to run through December 31, 2023, *see* Compl. ¶ 3, this Court need not consider whether the expiration of Spicer's term alters its subject-matter jurisdiction. *See In re Navy Chaplaincy*, 697 F.3d 1171, 1178 (D.C. Cir. 2012) (noting that "only one plaintiff must have standing").

(holding that plaintiffs' burden to show standing is lower at the motion to dismiss stage than it is at the preliminary injunction stage).

On the merits, this Court previously held that no provision of § 8468 prevented the plaintiffs' removal. *See* Mem. Op. at 7. First, the Court noted that "the power of removal from office is incident to the power of appointment" "absent a specific provision to the contrary." *Id.* at 6 (quoting *Carlucci v. Doe*, 488 U.S. 93, 95 (1988) (citation omitted)). Second, the Court held that the plain text of § 8468(b), which provides only that Board members "serve for three years each" on staggered terms, does not meet that standard. *Id.* at 7. Third, the Court read *Parsons v. United States*, 167 U.S. 324 (1897), and *Myers v. United States*, 272 U.S. 52 (1926), to hold that term-of-office provisions, standing alone, do not confer removal protection. *See id.* at 7–8 (citing *Parsons*, 167 U.S. at 344; *Myers*, 272 U.S. at 47). Fourth, the Court noted that its reading of *Parsons* and *Myers* is consistent with the Supreme Court's recent removal cases. *See id.* at 8–9. Fifth, the Court distinguished the defendants' authorities, including *Humphrey's Executor v. United States*, 295 U.S. 602 (1935). *See id.* at 9–10. And finally, the Court explained that interpreting § 8468(b) to insulate the plaintiffs from removal would raise serious constitutional issues, as Board members are executive officials whose "only role . . . is to advise the President on the performance of a quintessentially executive function." *Id*. at 10.

The plaintiffs' new arguments on the merits do not persuade.

First, the phrase "shall continue" in § 8468(b) does not support the plaintiffs' claim to removal protection. *See* Pls.' Opp'n to Mot. Dismiss at 13, Dkt. 13. "[I]t is generally clear that 'shall' imposes a mandatory duty." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 172 (2016) (citation omitted). But here, the phrase "shall continue" falls outside the portion of § 8468(b) that describes Board members' terms of service. *See* 10 U.S.C. § 8468(b). Section

3

8468(b) provides, first, that members "designated by the President serve for three years each" and, second, that "any member whose term of office has expired shall continue to serve until his successor is appointed by the President." *Id.* The phrase "shall continue" falls within the second clause. *See id.* And because that clause concerns what happens at the conclusion of members' terms, as opposed to the length of those terms themselves, the phrase has no bearing on members' tenure.

Second, this Court properly declined to apply the surplusage canon. *See* Pls.' Opp'n at 13–14. It is well-settled that "the power of removal from office is incident to the power of appointment" "absent a *specific provision* to the contrary." *Carlucci*, 488 U.S. at 95 (emphasis added) (citation omitted). The plaintiffs have not identified a specific removal protection in § 8468(b). *See* Mem. Op. at 6–7. And to the extent that the surplusage canon did render any language in that statute ambiguous, *see* Pls.' Opp'n at 13–14, *Carlucci* would require resolving that ambiguity in the President's favor. Moreover, that statute's term-of-office clause is not superfluous. As then-Professor Rao explained, a "statutory term may reinforce a culture of independence and imply a sort of presumption against removal during the term, raising the political costs of removal for the President." Neomi Rao, *Removal: Necessary and Sufficient for Presidential Control*, 65 Ala. L. Rev. 1205, 1252–53 (2014). Interpreting § 8468(b) to have that effect is consistent with the "cardinal rule . . . that no provision should be construed to be entirely redundant." *Nielsen v. Preap*, 139 S. Ct. 954, 969 (2019) (citation omitted). The surplusage canon thus has no application here.

Third, the plaintiffs have failed to distinguish *Myers*. *See* Pls.' Opp'n. at 20–21. In addition to the arguments in their initial briefing, the plaintiffs now suggest that even if *Myers* once governed the interpretation of terms-of-office provisions, "any change in the original public

4

meaning of [those provisions] would change the result." *Id.* But to the extent that the plaintiffs argue that *Humphrey's Executor* overruled *Myers* on this issue, the argument fails for the reasons discussed in this Court's previous opinion. *See* Mem. Op. at 9. And to the extent they argue that a change in ordinary meaning otherwise rendered *Myers* obsolete, they neglect the presumption that Congress legislates with a knowledge of "relevant judicial precedent[s]." *Ryan v. Gonzales*, 568 U.S. 57, 66 (2013). Those precedents provide that term-of-office provisions do not independently insulate executive officials from presidential removal. *See* Mem. Op. at 7–10. And because Congress legislated against that backdrop, there is no occasion to speculate about how ordinary meaning may have shifted between *Myers* and the passage of § 8468(b).

Fourth, the Court's holding at the preliminary injunction stage did not imply that the President may remove the members of Congress that sit on the Board pursuant to § 8468(a)(1)–(4). *See* Pls.' Opp'n at 26. To the contrary, that holding rests on the text of § 8468(b), which applies only to the Board members "designated by the President" pursuant to § 8468(a)(5). 10 U.S.C. § 8468(b). And because this case presents no occasion to address the status of the other Board members, the reference to those members is a red herring.

Finally, the plaintiffs' remaining arguments lack merit. The Court may not consider the plaintiffs' additional historical materials, which include a bevy of early state court decisions, *see* Pls.' Opp'n at 10–11, because those materials "cannot trump a controlling decision of the Supreme Court," Mem. Op. at 10. Likewise, the Court may not consider amendments to § 8468 that postdate September 8, 2021, *see* Pls.' Opp'n at 18–19, as this case turns on whether the President lawfully removed the plaintiffs on that date. And *Wilson v. United States*, 290 F.3d 347 (D.C. Cir. 2002), is inapposite, as it concerned only whether an official's term had expired and did not address the distinct issue of removal. *See id.* at 361 (holding that "mid-term

vacancies [on the United States Commission on Civil Rights] are to be filled only for the remainder of the unexpired term"); *see* Pls.' Opp'n at 18–19.

For all of the above reasons, as well as the reasons discussed in this Court's previous opinion, § 8468(b) did not insulate the plaintiffs from the President's removal. The plaintiffs have thus failed to state a claim for which relief can be granted.

## CONCLUSION

Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss, Dkt. 12, is **GRANTED**. It is further

**ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Date: July 11, 2022

DABNEY L. FRIEDRICH
United States District Judge